# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK J. ELLERBE** | : CIVIL ACTION |
| v. | : |
| **THE PA GENERAL ASSEMBLY, THE PA ATTORNEY GENERAL, THE PA GOVERNOR and SOUTHEASTERN PENNSYLVANIA TRANSIT AUTHORITY (SEPTA)** | : NO. 19-3554 |

## MEMORANDUM OPINION

**Savage, J.** August 28, 2019

Plaintiff Derrick J. Ellberbe filed this *pro se* civil action against "the PA General Assembly," "the PA Attorney General," "the PA Governor," and the Southeastern Pennsylvania Transit Authority (SEPTA). He also moves to proceed *in forma pauperis*. For the following reasons, we shall grant Ellerbe leave to proceed *in forma pauperis* and dismiss his complaint as frivolous.

### Facts

In his meandering and nearly incomprehensible Complaint, Ellerbe alleges that the defendants are contacting him without his consent, as well as drugging, kidnapping, and controlling him. He claims, for instance, that the defendants have prevented him from controlling his own actions by administering drugs to him, including "high pressure gas (a burning wood smell) and/or oxygen or other means for the purpose of preventing resistance."[1] He also alleges that they are sexually assaulting him while he is unconscious. Plaintiff contends that SEPTA management is aware of these events and is participating in a cover-up by disabling cameras on their vehicles. He asserts civil

---
[1] Compl. at 3.

rights violations pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986. He also seems to be raising claims under criminal statutes and RICO.

**Standard of Review**

Because it appears that he is not capable of paying the fees to commence this civil action, Ellerbe will be granted leave to proceed *in forma pauperis*. Because he is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply.

The Complaint must be dismissed if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Because Ellerbe is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A court may dismiss all or part of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive

a motion to dismiss.  *Id.* (quoting *Twombly*, 550 U.S. at 557).

## Discussion

Ellerbe's allegations are factually frivolous.  He claims a conspiracy between the executive and legislative branches of Pennsylvania to drug, control, and sexually assault him.  He also claims that SEPTA is participating in a cover-up by preventing the public from seeing what is being done to him.  His allegations are fanciful and delusional.  We can discern no nonfrivolous basis for a claim.  Therefore, we shall dismiss Ellerbe's complaint as frivolous.

/s/ TIMOTHY J. SAVAGE J.